**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

**IN THE MATTER OF:**

Offshore Spars Co.

Debtor

Bankruptcy Case No. 23-44657
Judge Thomas J. Tucker
Chapter 11
*Subchapter V*

---

**FIRST DAY MOTION FOR ENTRY OF AN INTERIM AND FINAL
ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION**

NOW COMES Offshore Spars Co. (the "Debtor"), as debtor and debtor in possession, by and through its counsel, Stevenson & Bullock, P.L.C., and hereby requests that this Court enter an order, substantially in the form attached hereto as Exhibit 1 authorizing the Debtor to use cash collateral and granting adequate protection.

The Debtor, in support of its Motion for Entry of Interim and Final Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection (the "Motion") hereby states as follows:

**JURISDICTION**

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2).

3.     Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

4.     On May 23, 2023 (the "Petition Date") the Debtor filed a voluntary petition for relief in this Court under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

5.     The Debtor continues to manage and operate its business as debtor-in-possession pursuant to, *inter alia*, § 1184 of the Bankruptcy Code.

6.     A Subchapter V Trustee has not yet been appointed or designated in this case.

7.     Eric Graczyk is the responsible person for the Debtor.

8.     The Debtor files this Motion pursuant to, *inter alia*, §§ 363 and 361 of the Bankruptcy Code; Fed. R. Bankr. P. 4001(b); and E.D. Mich. LBR 4001-2.

## BACKGROUND AND HISTORY

9.     The Debtor was established in 1976 and its primary business is designing and manufacturing carbon fiber and composite masts and booms for the global superyacht market.  The Debtor has additional lines of business including replacement and service of standing and running rigging for yachts, e-commerce,

and carbon fiber manufacturing for other industries, including the aerospace and automotive industries.

10.	In January 2022, the Debtor was acquired by Graczyk Holdings, LLC, a Michigan limited liability company whose sole member is Eric Graczyk. Not until after the purchase of the Debtor did Mr. Graczyk discover numerous financial improprieties, breaches of warranties, and general mismanagement that had befallen the Debtor under previous ownership. Though Mr. Graczyk spent considerable time and effort prior the Petition Date attempting to remedy such matters, a reorganization of the business through a Subchapter V bankruptcy became necessary.

11.	The majority of the Debtor's value arises from its ongoing operations and ability to continue to provide goods to its customers. Without authority to use cash collateral, the Debtor will suffer irreparable harm because it will be forced to immediately shut down. Without the use of funds, the Debtor will be unable to pay employees, pay necessary overhead expenses, and maintain its relationships with customers.

12.	During the first thirteen weeks of this case, the Debtor projects that it will need to spend $928,483.00 to avoid immediate and irreparable harm.

13.     The Debtor requests authority to spend these amounts in accordance with the budget attached to this Motion (the "Budget" attached as Exhibit 2), with a ten percent (10%) variance for each line item and in total.

14.     On the Petition Date, the Debtor, without admission, believes that the cash collateral, as defined in 11 U.S.C. §363 (the "Cash Collateral") consists of the following:

- Collectible accounts receivable valued at approximately $34,000.00

- Available Funds held in bank accounts valued at approximately $52,594.44.

## NATURE OF DEBT

15.     Before the Petition Date, Pathward, National Association ("Pathward") filed a UCC-1 financing statement against certain of the Debtor's assets, including its cash collateral. The Debtor anticipates Pathward will assert a security interest in the Debtor's Cash Collateral. The Debtor further anticipates that Pathward will assert that its security interest and liens have first priority over all other security interests and liens asserted against the Debtor.

16.     The Debtor makes no admission and take no position at this time regarding the validity, enforceability, priority or perfection of any the obligations, security interests and liens that may be asserted by Pathward.

17.     The Debtor believes that no entities have an interest in its Cash Collateral other than Pathward.

## REQUEST FOR USE OF CASH COLLATERAL

18.     The Debtor requires the use of Cash Collateral to make such payments as are necessary for the continuation of its business as shown in the attached Budget, attached as Exhibit 2. The projected revenue and expenses in the Budget is based upon historical financial data as well as the current and scheduled projects.

19.     The Budget projects the Debtor's anticipated revenue and expenses and demonstrates the amount of funds the Debtor must expend on its operation on a monthly basis.

20.     Without the ability to make the payments as set forth in the Budget, the Debtor would be unable to continue operating and would be forced to shut down its operations on an emergency basis.  A majority of the Debtor's value arises from the on-going operations.  Further, an immediate cessation of operation would cause enormous hardship for all of the Debtor's customers and employees. Accordingly, authorizing the Debtor to use its Cash Collateral as set forth in the Budget is in the best interest of all creditors and parties in interest.

## ADEQUATE PROTECTION

21.     As adequate protection under section 363 and 361 of the Bankruptcy Code for any security interests that Pathward may assert, the Debtor offers

replacement liens (the "Replacement Liens") in its personal property, now owned or hereafter acquired and the proceeds and products thereof to the same extent that such liens existed prior to the Petition Date.

22. The Debtor proposes that Pathward be granted the Replacement Liens as adequate protection to the extent of any diminution in value of the pre-petition Cash Collateral. The Replacement Liens shall be liens on the Debtor's assets which are created, acquired, or arise after the Petition Date, but limited to only those types and descriptions of collateral in which Pathward held a pre-petition lien or security interest. The Replacement Liens shall have the same priority and validity as Pathward's pre-petition security interests and liens.

23. As additional adequate protection of Pathward's interests under §§ 361, 362, 363(e) of the Bankruptcy Code, the Debtor proposes to pay, or cause to be paid, to Pathward $10,000.00 per month. The first payment shall be due on or before June 20, 2023 with subsequent monthly payments due on the 20th day of each subsequent month.

24. On the basis of the adequate protection submitted above, the Debtor submits that it should be granted authority to use the Cash Collateral.

25. As part of its request to use Cash Collateral, the Debtor is requesting that this Court allow it to escrow, on a monthly basis, the total of $5,000.00 into a specially designated debtor in possession account to pay the professional fees of

legal counsel employed by the Debtor and the Subchapter V Trustee in connection with the bankruptcy proceeding to the extent the fees are allowed by this Court (the "Professional Fees").

## NOTICE

26.     Notice of this Motion has been provided to the Office of the United States Trustee, the twenty largest unsecured creditors in each of the bankruptcy cases, those parties who the Debtor believes has an interest in the Cash Collateral, Pathward.  In light of the nature of the relief requested, the Debtor submits that no further notice is necessary.

27.     The Debtor intends to request that the Court consider the interim relief requested in this Motion on an expedited basis, and has, contemporaneously with the filing of this Motion, requested the same from the Court as is authorized pursuant to E.D. Mich. LBR 9013-1(c).

## NO PRIOR REQUEST

28.     No previous motion for the requested relief sought herein has been made to this or any other court.

## CONCLUSION

29.     The Debtor contends that without authority to use Cash Collateral, it would need to immediately close, which would have a detrimental effect on the estate and all of its creditors.

30.     The entry of an order authorizing the Debtor's use of its Cash Collateral will permit it to continue operating, will increase the possibility of a successful rehabilitation, and will prevent the immediate closure of the its business operations. Authorization of the Debtor's use of Cash Collateral is, therefore, in the best interests of the estate and creditors.

31.     The entry of an order granting Adequate Protection to Pathward will permit the Debtor to continue operating, will increase the possibility of a successful rehabilitation, and will prevent the immediate closure of the Debtor's business operations. The granting of Adequate Protection, as set forth herein, is, therefore, in the best interests of the estate and creditors.

32.     At this time, the Debtor is only seeking to allow it to use the Cash Collateral on an interim basis to pay its necessary operating expenses (as outlined in the Budget) until the court holds a final hearing on the use of Cash Collateral. To the extent that no parties object to the order authorizing the Debtor's use of Cash Collateral after service of the order, the Debtor proposes that the interim order will become a final order authorizing the use of Cash Collateral going forward.

33.     The Debtor further requests that the Court authorize it to use Cash Collateral in accordance with such modified or supplemental budgets without a

hearing unless an objection is filed within fourteen (14) days after such modified or supplemental budgets are filed.

34.    For the reasons set for herein, it is necessary that the Debtor obtains an interim hearing on the use of Cash Collateral and granting of Adequate Protection as soon as possible.

35.    The Debtor has attached a proposed order.

WHEREFORE, the Debtor respectfully requests this Honorable Court to:

a.    Enter the order substantially in the form attached hereto as Exhibit 1; and

b.    Grant such other and further relief as is just and equitable to the Debtor.

*[Signatures on following page]*

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Elliot G. Crowder
Elliot G. Crowder (P76137)
Counsel for Debtor
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: ecrowder@sbplclaw.com

Dated: May 23, 2023

**OFFSHORE SPARS CO.**

By: /s/ Eric R. Graczyk
Eric R. Graczyk
Its:     Responsible Person

Dated:  May 23, 2023

# **EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**

| | |
|---|---|
| Offshore Spars Co. | Bankruptcy Case No. 23-44657 |
| | Judge Thomas J. Tucker |
| Debtor | Chapter 11 |
| | *Subchapter V* |

---

## ORDER GRANTING THE DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN INTERIM AND FINAL ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

This matter having come before the court on the First Day Motion for Entry of an Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection (the "Motion")[1] filed by Offshore Spars Co. (the "Debtor"); after notice and hearing, the Court having reviewed the Motion;

THE COURT HEREBY FINDS:

A.     On May 23, 2023, (the "Petition Date"), the Debtor filed for relief under Chapter 11 of the United States Bankruptcy code (the "Bankruptcy Code").

B.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

---

[1]     Capitalized terms used but not defined herein shall have the meanings as set forth in the Motion.

C.     The Court consideration of this Motion constitutes a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A),(K) and (M).

D.     The procedures set forth in this Order, constitute sufficient "notice and hearing" under Section 102 and 363(c) of the Bankruptcy Code, Bankruptcy Rule 2002, 4001, 6004 and 9006. This Order is being entered on an interim basis pursuant to Bankruptcy Rule 4001 and is expressly subject to the rights of parties in interest to object as specifically provided in paragraph 11 below. The Debtor requires funds to pay expenses in connection with maintaining operations, including paying employees, continuing production of current products, and providing service to its customers. Failure to pay these and similar critical expenses would cause the Debtor immediate and irreparable harm by disrupting its ability to maintain operations.

E.     The Debtor does not have sufficient unencumbered funds to meet these expenses. Accordingly, it requires authorization to use Cash Collateral to avoid immediate and irreparable harm. The amount of cash the Debtor proposes to use before entry of a final order granting the Motion (including adequate protection payments as authorized under this Order) is set forth in the Budget attached to the Motion. Specifically, during the first thirteen weeks of this case, the Debtor projects that it will need to spend $928,483.00.

F.	The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

Therefore, IT IS HEREBY ORDERED that:

1.	The Motion is granted.

2.	The Debtor is authorized to use Cash Collateral and grant adequate protection in accordance with the terms of the Motion.

3.	To avoid immediate and irreparable harm before the date of the final hearing or the date this order becomes a final order in the absence of a timely objection and final hearing, the Debtor is permitted to use Cash Collateral in the amount of $_____ and its authorized use of Cash Collateral is limited to that amount prior to the entry of a final order authorizing the Debtor to use Cash Collateral or the time this Order becomes a final order, as the case may be. Pending a final order, the Debtor may use Cash Collateral in accordance in the amounts set forth above in accordance with the Budget, with a ten percent (10%) variance for each line item.

4.	To the extent of any diminution in value of the pre-petition Cash Collateral, Pathward is hereby granted the following Replacement Liens as adequate protection. The Replacement Liens shall be liens on the Debtor's assets which are created, acquired, or arise after Petition Date, but limited to only those types and descriptions of collateral in which Pathward held a pre-petition lien or

security interest. The Replacement Liens shall have the same priority and validity as the pre-petition security interest and liens.

5.    As additional adequate protection of Pathward's interests under §§ 361, 362, 363(e) of the Bankruptcy Code, the Debtor will pay, or cause to be paid, to Pathward $10,000.00 per month. The first payment shall be due on or before June 20, 2023 with subsequent monthly payments due on the 20th day of each subsequent month.

6.    Pathward is adequately protected.

7.    Nothing in this Order constitutes an admission by the Debtor or prejudices the rights of the Debtor to challenge the amount, validity, enforceability, priority or perfection of any liens or security interests asserted by Pathward and any other party asserting a security interest in Debtor's assets.

8.    The Debtor is authorized to escrow Professional Fees, as more fully set forth in the Motion.

9.    The Debtor shall, within twenty-four (24) hours following the entry of this order, serve copies of this order and the Motion, with all attachments, on each of the Debtor's 20 largest unsecured creditors, Pathward, the United States Trustee's Office, the Subchapter V Trustee, and all other parties who are required to be served under Fed. R. Bankr. P. 4001(d).

10. All parties seeking to object to this Order must file a written objection within fourteen (14) days after the entry of this Order, except that an official committee may file objections within fourteen (14) days after the official committee is served with the entered Order. If an objection is timely filed, the final hearing on this Order will be held before the Honorable _____, on _____ _____, 2023 at _____ a.m/p.m.  If no timely objection is filed, then this Order will become a final order without a further hearing, and the Debtor will be authorized to spend for those expenses referenced in the Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.

11. The Debtor's use of Cash Collateral shall conform to the amounts set forth in the Budget with a ten percent (10%) variance. It may file with the Court modified or supplemental budgets from time to time and shall be authorized to use Cash Collateral in accordance with such modified or supplemental budgets without a hearing unless an objection is filed within fourteen (14) days after the such modified or supplemental budgets are filed. The Debtor's authority to use Cash Collateral shall continue otherwise ordered by this Court.

12. This Court retains jurisdiction to enforce and interpret this Order.

# **EXHIBIT 2**

**Monthly Cash Flow**

**Month Ending**

| | | | May (Petition Date - 5/31) | June | July | August |
|---|---|---|---|---|---|---|
| **CASH ACTIVITY** | | | | | | |
| | Beginning Cash Balance | | $ 52,594.00 | $ 62,025.00 | $ 66,686.00 | $ 69,783.00 |
| | Receipts: | | | | | |
| | | A/R Cash Receipts | | | | |
| | | Mast & Booms | $ - | $ 148,936.00 | $ 116,530.00 | $ 95,830.00 |
| | | Light Poles | $ 18,965.00 | $ 33,565.00 | $ 43,292.00 | $ 45,745.00 |
| | | E-Com | $ 12,166.00 | $ 23,700.00 | $ 26,500.00 | $ 27,500.00 |
| | | Retail | $ 3,800.00 | $ 33,000.00 | $ 33,000.00 | $ 33,000.00 |
| | | Total A/R Cash Receipts | $ 34,931.00 | $ 239,201.00 | $ 219,322.00 | $ 202,075.00 |
| | | Deposits | | | | |
| | | Deposits - Retail | $ - | $ 12,500.00 | $ 12,500.00 | $ 12,500.00 |
| | | **Total Deposits** | $ - | $ 12,500.00 | $ 12,500.00 | $ 12,500.00 |
| | | Other - MANUAL INPUT | | | | |
| | **Total Receipts** | | $ 34,931.00 | $ 251,701.00 | $ 231,822.00 | $ 214,575.00 |
| | | Inventory Purchased | | | | |
| | | Masts & Booms | $ - | $ 51,318.00 | $ 55,067.00 | $ 26,750.00 |
| | | E-Com | $ - | $ 17,775.00 | $ 19,875.00 | $ 20,625.00 |
| | | Retail | $ - | $ 11,550.00 | $ 11,550.00 | $ 11,550.00 |
| | | **Total Inventory Purchased** | $ - | $ 80,643.00 | $ 86,492.00 | $ 58,925.00 |
| | | Total Recurring Disbursements + Debt Service | 25,500.00 | $ 166,397.00 | $ 142,233.00 | $ 142,233.00 |
| | **Total Disbursements** | | $ 25,500.00 | $ 247,040.00 | $ 228,725.00 | $ 201,158.00 |
| | **Ending Cash Balance Monthly** | | $ 62,025.00 | $ 66,686.00 | $ 69,783.00 | $ 83,200.00 |

| | | May | June | July | August |
|---|---|---|---|---|---|
| **RECURRING DISBURSEMENTS** | | | | | |
| Advertising | | $ - | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 |
| Automobile Expense | | | | | |
| | Fuel | $ - | $ 625.00 | $ 625.00 | $ 625.00 |
| | Maintenance | $ - | $ 288.00 | $ 288.00 | $ 288.00 |
| | DOT/License | | | | |
| Bank Charges | | $ - | $ 610.00 | $ 610.00 | $ 610.00 |
| Insurance | | | | | |
| | Auto | $ - | $ 265.00 | $ 265.00 | $ 265.00 |
| | Health Insurance Stipend | $ - | $ 1,850.00 | $ 1,850.00 | $ 1,850.00 |
| | Property Liability | $ - | $ 1,280.00 | $ 1,280.00 | $ 1,280.00 |
| | Umbrella | $ - | $ 210.00 | $ 210.00 | $ 210.00 |
| | Workers Comp | $ - | $ 654.00 | $ 654.00 | $ 654.00 |
| Moving expense | | | | | |
| Office Expense | | $ - | $ 650.00 | $ 650.00 | $ 650.00 |
| Payroll | | $ 22,000.00 | $ 74,040.00 | $ 59,232.00 | $ 59,232.00 |
| Payroll Processing | | | | | |
| Payroll Taxes - Employer | | $ 3,500.00 | $ 10,445.00 | $ 8,356.00 | $ 8,356.00 |
| Postage & Delivery | | $ - | $ 7,500.00 | $ 6,000.00 | $ 6,000.00 |
| Rent | | $ - | $ 16,150.00 | $ 16,150.00 | $ 16,150.00 |
| Repairs & Maintainence | | | | | |
| | Lawn/Snow | $ - | $ 260.00 | $ 260.00 | $ 260.00 |
| | Other | $ - | $ 335.00 | $ 268.00 | $ 268.00 |
| Professional Fees | | $ - | $ 22,500.00 | $ 18,000.00 | $ 18,000.00 |
| Property Taxes | | | | | |
| Shop Consumables | | $ - | $ 6,000.00 | $ 4,800.00 | $ 4,800.00 |
| Software & Licenses | | | | | |
| Telephone/Internet/Technology | | $ - | $ 1,620.00 | $ 1,620.00 | $ 1,620.00 |
| Utilities | | | | | |
| | Electric | $ - | $ 3,500.00 | $ 3,500.00 | $ 3,500.00 |
| | Gas | $ - | $ 3,000.00 | $ 3,000.00 | $ 3,000.00 |
| | Trash | $ - | $ 325.00 | $ 325.00 | $ 325.00 |
| | Water | $ - | $ 650.00 | $ 650.00 | $ 650.00 |
| Other | | | | | |
| **Total Recurring Disbursements** | | $ 25,500.00 | $ 155,257.00 | $ 131,093.00 | $ 131,093.00 |
| **Debt Service** | | | | | |
| | Ford Explorer | $ - | $ 1,140.00 | $ 1,140.00 | $ 1,140.00 |
| | Pathward Loans | $ - | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 |
| **Total Debt Service** | | $ - | $ 11,140.00 | $ 11,140.00 | $ 11,140.00 |
| **Total Recurring Disbursements + Debt Service** | | $ 25,500.00 | $ 166,397.00 | $ 142,233.00 | $ 142,233.00 |