UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

Offshore Spars Co.

           Debtor

Case No. 23-44657
Judge Thomas J. Tucker
Chapter 11

## INTERIM ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

This case is before the Court on the First Day Motion for Entry of an Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection (Docket # 11, the "Motion"),[1] filed by Offshore Spars Co. (the "Debtor"). The Court reviewed the stipulation and its attachments filed on May 26, 2023 (Docket # 23, the "Stipulation"), and the Court held a telephonic hearing on the Motion on May 26, 2023. After notice and hearing, the Court having reviewed the Motion and the Stipulation, the Court enters this interim order.

THE DEBTOR CONCEDES AND AGREES:

A.    The Debtor is indebted to Pathward NA ("Lender" or "Pathward") under a certain Promissory Notes executed by Debtor to the order of Lender respectively on January 26, 2022 for $1,750,000 and on September 20, 2022 for $350,000 (the "Prepetition Notes").

---

[1]    Capitalized terms used but not defined herein have the meanings as set forth in the Motion.

B.  The liabilities evidenced by the Prepetition Notes and the other loan and collateral documents, including interest, costs, fees and expenses, are identified as the "Prepetition Indebtedness."

C.  The documents, instruments and agreements executed in connection with the prepetition financing arrangements from Lender to Debtor are identified collectively as the "Prepetition Loan Documents." Capitalized terms not defined in this Order or Motion have the meanings set forth in the Prepetition Loan Documents.

D.  The Prepetition Indebtedness is secured by all assets of Debtor whether now owned or later acquired, including without limitation: (a) all equipment; (b) all accounts receivable; (c) all inventory; (d) any and all monies, reserves, deposits, deposit accounts, securities, cash, cash equivalents, balances, credits, and interest and dividends on any of the above, of or in the name of Debtor, now or hereafter with Pathward or any financial institution, and any and all other property of any kind and description of or in the name of Debtor, now or hereafter, for any reason or purpose whatsoever, in the possession or control of, or in transit to, Pathward or any agent or bailee for Pathward; (e) all chattel paper, whether tangible or electronic chattel paper, contract rights, letter of credit rights, and instruments including without limitation, all supporting obligations of the foregoing; all general intangibles; (f) all investment property; (g) all furniture and

fixtures; all documents of title; and receipts; whether negotiable or non-negotiable; (h) including all goods covered by such documents; (i) all books, records and computer records in any way relating to the above property; and (j) any and all substitutions, renewals, improvements, replacements, additions and proceeds of the collateral described including all proceeds of insurance policies, but only the collateral specifically set forth in the Security Agreements (as defined below). (collectively, the "Prepetition Collateral"), all as more particularly described in the Security Agreements executed by Debtor in favor of Lender dated January 26, 2022 and September 20, 2022 respectively (the "Security Agreements").

E. Lender's security interest in the Prepetition Collateral is valid and first in priority and the Prepetition Indebtedness is a valid and binding obligation of Debtor.

THE COURT FINDS:

A. On May 23, 2023, (the "Petition Date"), the Debtor filed for relief under Chapter 11 of the United States Bankruptcy code (the "Bankruptcy Code").

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C. The Motion is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A),(K) and (M).

D. The procedures set forth in this Order, constitute sufficient "notice and hearing" under Section 102 and 363(c) of the Bankruptcy Code, Bankruptcy Rule 2002, 4001, 6004 and 9006. This Order is being entered on an interim basis pursuant to Bankruptcy Rule 4001 and is expressly subject to the rights of parties in interest to object as specifically provided in paragraph 11 below. The Debtor requires funds to pay expenses in connection with maintaining operations, including paying employees, continuing production of current products, and providing service to its customers. Failure to pay these and similar critical expenses would cause the Debtor immediate and irreparable harm by disrupting its ability to maintain operations.

E. The Debtor does not have sufficient unencumbered funds to meet these expenses. Accordingly, it requires authorization to use Cash Collateral to avoid immediate and irreparable harm. The amount of cash the Debtor proposes to use before entry of a final order granting the Motion (including adequate protection payments as authorized under this Order) is set forth in the budget attached to the Stipulation (the "Budget"). Specifically, through June 23, 2023, the Debtor projects that it will need to spend $256,491.30.

F. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

IT IS ORDERED that:

1. The Motion is granted, to the extent of the relief provided in this interim order.

2. The Debtor is authorized to use Cash Collateral and grant adequate protection in accordance with the terms of the Motion and the Stipulation.

3. To avoid immediate and irreparable harm before the date of the final hearing or the date this order becomes a final order in the absence of a timely objection and final hearing, the Debtor is permitted to use Cash Collateral in the amount of $256,491.30 and its authorized use of Cash Collateral is limited to that amount prior to the entry of a final order authorizing the Debtor to use Cash Collateral or the time this Order becomes a final order, as the case may be. Pending a final order, the Debtor may use Cash Collateral in accordance in the amounts set forth above in accordance with the Budget, with a ten percent (10%) variance for each line item.

4. To the extent of any diminution in value of the pre-petition Cash Collateral, Pathward is granted the following Replacement Liens as adequate protection. The Replacement Liens will be liens on the Debtor's assets which are created, acquired, or arise after Petition Date, but limited to only those types and descriptions of collateral in which Pathward held a pre-petition lien or security interest. The Replacement Liens will have the same priority and validity as the pre-petition security interest and liens. No liens are being granted on any causes of

action under Chapter 5 of the Bankruptcy Code or the proceeds from such causes of action.

5. As additional adequate protection of Pathward's interests under §§ 361, 362, 363(e) of the Bankruptcy Code, the Debtor will pay, or cause to be paid, to Pathward $10,000.00 per month. The first payment will be due on or before June 20, 2023 with subsequent monthly payments due on the 20th day of each subsequent month.

6. Nothing in this Order constitutes an admission by the Debtor or prejudices the rights of the Debtor to challenge the amount, validity, enforceability, priority or perfection of any liens or security interests asserted by Pathward and any other party asserting a security interest in Debtor's assets.

7. The Debtor is authorized to establish an escrow for Professional Fees. The Debtor may fund the Professional Fee escrow as set forth in the Budget. The funds so escrowed remain property of the estate, and are not subject to any liens, or other claims of interest by estate Professionals. The Debtor may only pay its Professionals and the Subchapter V Trustee upon further order of the Court.

8. The Debtor must, no later than today, May 26, 2023, serve copies of this order on each of the Debtor's 20 largest unsecured creditors, Pathward, the United States Trustee's Office, the Subchapter V Trustee, and all other parties who

are required to be served under Fed. R. Bankr. P. 4001(d).  The Debtor must promptly file proof of such service.

9. All parties seeking to object to the Motion or to this Order must file a written objection within fourteen (14) days after the entry of this Order, except that an official committee may file objections within fourteen (14) days after the official committee is served with the entered Order.  If an objection is timely filed, the final hearing on this Order will be held before Judge Thomas J. Tucker, on **June 14, 2023 at 11:00 a.m.**  If no timely objection is filed, then this Order will become a final order without a further hearing, and the Debtor will be authorized to spend for those expenses referenced in the Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.

10. If the final hearing is held, it will be held by telephone.  At least five minutes before the scheduled time for hearing, counsel and parties should call (888) 684−8852 and use Access Code 2388650.  Counsel and parties should place their phone on mute and wait until their case is called before unmuting their phone and participating.

11. The Debtor's use of Cash Collateral must conform to the amounts set forth in the Budget with a ten percent (10%) variance.  The Debtor may file with the Court modified or supplemental budgets from time to time and after this order becomes a final order, the Debtor will be authorized to use Cash Collateral in

accordance with such modified or supplemental budgets without a hearing unless an objection is filed within fourteen (14) days after such modified or supplemental budgets are filed. The Debtor's authority to use Cash Collateral will continue otherwise ordered by this Court.

12. This Court retains jurisdiction to enforce and interpret this Order.

**Signed on May 26, 2023**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge