UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

Offshore Spars Co., et al.[1]

    Debtors.

Case No. 23-44657
Judge Thomas J. Tucker
Chapter 11
Jointly Administered

### ORDER CONFIRMING THE 1ST AMENDED COMBINED PLAN OF LIQUIDATION OF OFFSHORE SPARS CO. AND REORGANIZATION OF ERIC R. GRACZYK UNDER BANKRUPTCY CODE SECTION 1191(b)

These jointly administered cases came before the Court on January 17, 2024, for a telephonic hearing on the confirmation of the joint Chapter 11 plan entitled "1st Amended Combined Plan of Liquidation of Offshore Spars Co. and Reorganization of Eric R. Graczyk" (Docket # 137, the "Plan").[2] The Debtors seek entry of this order (the "Confirmation Order"). Due and appropriate notice under the circumstances was given; all creditors and interested parties have had an opportunity to be heard. The Court has considered the Plan and the record in this Chapter 11 case to date, including the stipulation filed on January 16, 2024 (Docket # 156). Due and sufficient factual and legal cause exists for the entry of this Confirmation Order. The Court has determined after a hearing on notice that

---

[1] The Debtors in these jointly administered cases are Offshore Spars Co. (Case No. 23-44657) and Eric G. Graczyk (Case No. 23-44658).

[2] Capitalized words not defined in this Confirmation Order have the meanings set forth in the Plan.

the requirements for confirmation set forth in 11 U.S.C. § 1191(b) have been satisfied.

IT IS ORDERED that:

1. The Plan, including all of its terms, provisions and exhibits which are incorporated herein by reference, is confirmed, subject to the modifications set forth below. Where inconsistent, this Confirmation Order supersedes the Plan.

2. All requirements for confirmation of the Plan under 11 U.S.C. § 1191(b) have been satisfied, and the Plan is being confirmed under 11 U.S.C. § 1191(b).

3. The modifications contained in this Confirmation Order constitute modifications allowed under 11 U.S.C. § 1127 and do not adversely change the treatment of any Claim or Interest under the Plan. Accordingly, in accordance with Rule 3019 of the Federal Rules of Bankruptcy Procedure, the Plan is deemed accepted by all Creditors and Interest holders who have previously accepted the Plan, and it is not necessary for the Plan to be re-noticed to Creditors.

4. Notwithstanding the fact that the Plan is being confirmed under 11 U.S.C. § 1191(b), the Liquidating Debtor or Reorganized Debtor,[3] as the case may be, will be responsible for making or authorizing all payments under the Plan.

---

[3] As used in this Confirmation Order and in the Plan, the term "Liquidating Debtor" means Offshore Spars Co., and the term "Reorganized Debtor" means Eric Graczyk.

5. Notwithstanding the closing of the case, the Subchapter V Trustee's duties will not terminate until all payments due and owing under the Plan are paid or further order of the Court. Upon the completion of all payments due under the Plan, the services and appointment of the Subchapter V Trustee terminate automatically and without further order of the Court.

6. All payments made under the Plan must be made by the Debtors in the intervals as set forth in the Plan, unless modified herein.

7. Section 4.1 of the Plan is modified as follows:

**Class I**: Class I: This class will receive payments and treats the Allowed Secured Claim of Pathward, N.A. ("Pathward"). Pathward will possess an Allowed Secured Claim in the amount of one million nine hundred fifty-three thousand one hundred sixty-three & 84/100 ($1,953,163.84) dollars or such amount as is owed to Pathward as of the Confirmation Date and which is secured against certain of the Offshore Assets to the extent as set forth in their security instruments and UCC-1 financing statement filed with the State of Michigan Department of State bearing filing numbers 20220118000629-3 and 20220901000634-7 (the "Pathward Claim"). The Pathward Claim must be paid in full on or before the Distribution Date.

**This Class is Impaired.**

8. Pathward is deemed to have and has voted to accept the Plan.

9. Notwithstanding any provision of the Plan, there will be no requirement that the Internal Revenue Service file any request for payment of Administrative Expenses, nor any deadline for the filing of such requests. Nor will the failure to pay such liabilities result in a discharge, injunction, exculpation,

release or in any other manner defeat the right or ability of the United States to collect such liability under the requirements of Title 26. Payment of any and all administrative claims of the Internal Revenue Service must be on or before the Effective Date if the payment is otherwise required under non-bankruptcy law or, if the payment is not yet then required, by the date required under that same law.

10. Notwithstanding any provision of the Plan, payments made to the United States and any of its departments, agencies, or other subdivisions, will be applied in accordance with non-bankruptcy law.

11. Notwithstanding any provision of the Plan, the rights of assessment and collection of the United States as to the Debtors and third parties will be limited only to the extent expressly provided for by the Bankruptcy Code.

12. Sections 9.2, 9.3, 13.5, 13.6, 13.7, and any other similar provisions, so related, will not apply to the United States.

13. Despite any language in the Plan, the Internal Revenue Service will be required to send any post-effective date notices regarding taxes only to the Debtors and to their then attorney of record, if any, to the extent that the attorney has filed an Internal Revenue Service Form 2848 for the tax matter then at issue.

14. The Priority Tax Claim of the Internal Revenue Service, as currently filed or as later amended, must be paid in full on the Distribution Date with statutory interest as applicable on that date (currently 8%).

15. Upon failure of the Debtors to make any payment due on any administrative, priority, or general unsecured claim of the Internal Revenue Service, or to file any return which comes due after the Confirmation Date, which failure is not cured within 30 days of the mailing of a written notice of default by the Internal Revenue Service, the Internal Revenue Service may exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief from this Court.

16. In the event of conversion of this case post-confirmation to a case under Chapter 7 of the Bankruptcy Code, all property that vested in the Debtors, Debtors-in-Possession, Reorganized Debtor, Liquidating Debtor or any Successor to the Debtors under the confirmed Plan or under 11 U.S.C. § 1141, or that was otherwise acquired post-confirmation, will become property of the Chapter 7 estate.

17. Section 9.1 is modified to state, in its entirety, the following:

9.1 **<u>Discharge of Claims</u>**:

    a. If the Plan is confirmed under § 1191(b), as soon as practicable after completion by the Reorganized Debtor of all payments due under the Plan, unless the court approves a written waiver of discharge executed by the Reorganized Debtor after the order for relief under this chapter, the Court will grant the Reorganized Debtor a discharge of all debts provided in section 1141(d)(1)(A) of the Code, and all other debts allowed under section 503 of the Code and provided for in this Plan, except any debt— on

which the last payment is due after the first 3 years of the Plan; or if applicable, of the kind specified in section 523(a) of the Code.

  b. Under section 1141(d)(3) of the Bankruptcy Code, Confirmation will not discharge the Liquidating Debtor.

18. Section 9.2 is modified to include a temporary rather than permanent injunction, as follows:

> 9.2 **Temporary Injunction**: Except as otherwise provided in the Plan, from and after the Effective Date, all persons who have held, hold, or may hold Claims against the Debtors and their assets are temporarily enjoined from taking any of the following actions against the Reorganized Debtor and his assets: (i) commencing or continuing, in any manner or in any place, any action or other proceeding other than to enforce a right to a distribution under the Plan; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Reorganized Debtor other than as permitted under clause (i) above; (iii) creating, perfecting or enforcing any lien or encumbrance against the Reorganized Debtor; and (iv) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan. The temporary injunction will continue until the Reorganized Debtor no longer has assets to be distributed under the Plan, at which time the Reorganized Debtor immediately will file a notice of dissolution of the temporary injunction. Notwithstanding anything to the contrary herein, the temporary injunction does not preclude the holder of a Claim against the Debtors from pursuing claims against the Reorganized Debtor for breach of fiduciary duty under the Plan, or any contract or tort claims as between the holder of a Claim or other debt or liability and the Reorganized Debtor.

19. Section 9.3 is modified to be deleted, as follows:

> 9.3 **Setoffs**: Intentionally omitted.

20. Section 4.4 of the Plan is modified as follows:

**Class IV**: This Class will receive payments and treats the Allowed Secured Claim of Flagstar Bank ("Flagstar"). Flagstar will retain its Allowed Secured Claim in the amount of $75,876.00 or such lesser amount as of the Confirmation Date against the real property commonly known as 4170 Nearbrook Road, Bloomfield Hills, MI 48302. Flagstar's claim has continued to be paid prior to and since the Petition Date, and the claim is currently due for February 1, 2024, and not delinquent in any manner other than as set forth in the Flagstar proof of claim. Graczyk must continue to pay, or cause to be paid, Flagstar throughout the term of the Plan the monthly amounts due and owing when due and owing, and the payments must be applied under the terms of the Note and Mortgage.

If the Reorganized Debtor defaults on any payment to Flagstar, Flagstar may serve by regular first class U.S. mail to Reorganized Debtor and by regular first class U.S. mail or email to Reorganized Debtor's counsel of record as listed on the Court's docket a written notice of default with 21 days to cure the defaulted payment(s). If the default is not brought current within the 21 day cure period, Flagstar will be entitled to pursue all of its rights and remedies under applicable non-bankruptcy law and the Note and Mortgage, including but not limited to commencement of a foreclosure. Any court actions filed may be filed in the venue set forth in the note or lien, or in this Court. Nothing in this plan precludes the Reorganized Debtor from filing a notice of removal of any such action to this Court, subject to any motion to remand.

**This Class is Unimpaired.**

21. No later than fourteen (14) days after the Plan's substantial consummation, the Liquidating Debtor and Reorganized Debtor must (i) file the notice required under 11 U.S.C. § 1183(c)(2). To confirm the Notice of Substantial Consummation, The Debtors must serve the Subchapter V Trustee with copies of all checks distributed in the initial distribution to Classes requested by the Subchapter V Trustee. The Subchapter V Trustee will not file her Notice of (Non)

Distribution until after receipt and confirmation of the initial distribution checks for any Classes she requests to her satisfaction.

22. The Debtors, Liquidating Debtor, or Reorganized Debtor must file post-confirmation quarterly reports detailing disbursements as long as the case remains pending.

23. The Debtors, Reorganized Debtor, Liquidating Debtor, and Subchapter V Trustee are authorized to take or cause to be taken all actions necessary to implement and effectuate the provisions of the Plan.

24. Notwithstanding the entry of this Order confirming the Plan, the Court will retain jurisdiction of all matters arising out of and related to the Debtors' Chapter 11 Case and the Plan, including, but not limited to, jurisdiction to determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan.

**Signed on January 17, 2024**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**